IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03038-BNB

JAMAL GROSS,

     Plaintiff,

v.

TABOR, and
DR. WENTZ,

     Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

     Plaintiff, Jamal Gross, currently resides in St. Louis, Missouri. Originally, Mr. Gross filed this action in the United States District Court for the Northern District of Texas. The Northern District of Texas determined that venue in the instant action properly lies in the United States District Court for the District of Colorado and entered an order that transferred the action to this Court.

     In an order entered on December 6, 2011, Magistrate Judge Boyd N. Boland instructed Mr. Gross to cure certain deficiencies if he wished to pursue his claims, which he did on January 4, 2012, and was granted leave to proceed *in forma pauperis*.

     The Court must construe the Complaint liberally because Mr. Gross is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's

advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gross will be ordered to file an Amended Complaint.

Mr. Gross asserts that while he was incarcerated in the United States Bureau of Prisons his Fourth Amendment rights were violated when Defendants failed to approve his move to the FCI Englewood Camp and, as a result, he was injured. Mr. Gross seeks money damages.

Mr. Gross does not have a constitutional right, *per se*, to be housed in a certain prison facility. The Court also does not find a basis for any claim under the Fourth Amendment. Mr. Gross, however, asserts he was injured at the prison facility where he was held, but he does not set forth the details of the injury and how specifically each Defendant participated in injuring him.

Alleged personal participation by named Defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Gross must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, "to state a claim in federal court, a complaint must explain what each

defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [Mr. Gross] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Gross file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Mr. Gross shall obtain the Court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Gross fails to comply with this Order within the time allowed the Complaint and the action will be dismissed without further notice.

DATED January 17, 2012, at Denver, Colorado.

                                      BY THE COURT:

                                       s/ Boyd N. Boland
                                      United States Magistrate Judge