IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03038-MSK-BNB

JAMAL GROSS,

Plaintiff,

v.

RUSS TABOR, and
DAVID WERTZ,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff filed his Third Amended Complaint [Doc. #11] on February 21, 2012.  On March 6, 2012, the United States Marshal filed a Process Receipt and Return [Doc. #16] which indicates that service was attempted on defendant Wertz at the address of his employer (provided by the plaintiff in his previously-filed complaints[1]).  Service was unsuccessful because Wertz has retired from his job and his whereabouts are unknown.

On June 14, 2012, I ordered that the plaintiff to show cause on or before June 28, 2012, why the Third Amended Complaint should not be dismissed as against defendant Wertz for failure to prosecute.  See D.C.COLO.LCivR 41.1.  I warned the plaintiff that in the event that no such showing was made, I would recommend that the action be dismissed, without prejudice, against defendant Wertz for failure to prosecute.

The plaintiff has not responded to my show cause order.  Accordingly,

---

[1] The Third Amended Complaint does not contain addresses for the defendants.

I respectfully RECOMMEND that this action be dismissed, without prejudice, against defendant Wertz for failure to prosecute.[2]

Dated July 10, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).